RYDER, Chief Judge.
Bayonet Point Hospital Medical Center (Bayonet Point) appeals an administrative order of the Department of Labor and Employment Security, Division of Unemployment Compensation, setting its rate of contribution for unemployment compensation. On March 12, 1981, Bayonet Point filed with the Division a report to determine its status, indicating that it was subject to the Unemployment Compensation Law, had begun hiring employees on October 1, 1980, and would begin operation on March 23, 1981. The Division assigned Bayonet Point the standard tax rate for a new employer of .0270 pursuant to section 443.131(3)(c), Florida Statutes (1981).
The following year, on March 30, 1982, Bayonet Point filed an application for partial transfer of experience records pursuant to section 443.131(3)(g)(3).[1] That stat *474 ute allows the Division to provide by rule for a successor employer who has received an identifiable and segregable portion of its payroll and business by transfer from a previous employer to also receive the previous employer’s lower rate of contribution. Bayonet Point claimed that it was the successor employer to Community Hospital of New Port Richey (Community). Community and Bayonet Point are both wholly owned subsidiaries of Hospital Corporation of America. Community, which is located approximately fifteen miles from Bayonet Point, began operation in 1978 and continues to be an active hospital. Bayonet Point claimed to be the successor employer to Community based on the transfer of four employees from Community to Bayonet Point prior to Bayonet Point’s opening. The Division granted Bayonet Point’s application on September 14, 1982, and lowered its contribution rate from .0270 to .0010.
Four months later on January 6, 1983, the Division issued a redetermination that Bayonet Point had not acquired an identifiable and segregable portion of its business from Community and was not entitled to the lower rate. The Division reinstated Bayonet Point’s higher, new employer rate. Bayonet Point protested and a hearing was held before a special deputy who found that although there had been a transfer of an identifiable and segregable portion of the payroll from Community to Bayonet Point, there had been no transfer of an identifiable portion of Community’s business. The special deputy recommended that the redetermination of Bayonet Point’s contribution rate be affirmed. The Division adopted the special deputy’s findings of fact and conclusions of law and affirmed the redetermination.
We agree with the Division that there was competent, substantial evidence to support the special deputy’s findings of fact. We also agree that there was competent, substantial evidence to support the special deputy’s conclusion of law that Community transferred an identifiable and segregable portion of its payroll but not of its business to Bayonet Point. We disagree, however, with the special deputy’s conclusion of law that section 443.131(3)(i)(l)[2] does not limit the Division’s power to redetermine an employer’s contribution rate after the initial fifteen-day period except when there has been a computational error.
Section 443.131(3)(i) provides that the Division’s determination of an employer’s rate of contribution for any calendar year shall be conclusive and binding on the employer fifteen days after the Division *475 mails the notice to the employer but that the Division may redetermine the rate after the fifteen-day period if it made a computational error. Taxing statutes should be construed strictly against the state and doubts resolved in the taxpayer’s favor. Florida Industrial Commission v. Growers Equipment Co., 152 Fla. 595, 12 So.2d 889 (1943). Construing section 443.131(3)(i) strictly, we hold that after the fifteen-day period has run, the determination of an employer’s contribution rate is binding both on the employer and the Division and the Division may not redetermine the rate absent a computational error until the following calendar year.
The Division’s granting of Bayonet Point’s application for partial transfer of experience records was proper because Bayonet Point applied for the transfer in the calendar year following the initial determination. The Division’s redetermination of its decision four months later, however, was not proper because the fifteen-day period after the notice was mailed to Bayonet Point had elapsed, there was no computational error, and the redetermination was binding on both the Division and Bayonet Point during the ensuing calendar year.
Accordingly, the order affirming the Division’s redetermination of Bayonet Point’s entitlement to the lower contribution rate is reversed. Bayonet Point was entitled to the lower rate based on the Division’s granting of its partial transfer application. We emphasize that competent, substantial evidence supports the special deputy’s findings of fact and conclusion of law, as adopted by the Division, that there was no transfer of business from Community to Bayonet Point. Because a year has now elapsed, the Division may now redetermine Bayonet Point’s entitlement to the lower rate.
Reversed.
BOARDMAN and CAMPBELL, JJ„ concur.

. Section 443.131(3)(g)(3) provides:
The division may provide by rule for partial transfer of experience rating where an employer has transferred at any time an identifiable and segregable portion of his payrolls and business to a successor employing unit. As a condition of such partial transfer of experience, the rules shall require an application by the successor, agreement by the predecessor, and such evidence as the division may prescribe of the experience and payrolls attributable to the transferred portion up to the *474 date of transfer. The rules shall provide that the successor employing unit, if not already an employer, shall become an employer as of the date of the transfer and that the experience of the transferred portion of the predecessor's account shall be removed from the experience-rating record of the predecessor, and for each calendar year following the date of the transfer of the employment record on the books of the division, the division shall compute the rate of contribution payable by the successor on the basis of his experience, if any, combined with the experience of the portion of the record transferred. The rules may also provide what rates shall be payable by the predecessor and successor employers for the period between the date of the transfer of the employment record of the transferred unit on the books of the division and the first day of the next calendar year.

. Section 443.131(3)(i)(l) provides:
The division:
Shall promptly notify each employer of his rate of contributions as determined for any calendar year pursuant to this section. Such determination shall become conclusive and binding upon the employer unless within 15 days after the mailing of notice thereof to his last known address, or, in the absence of mailing, within 15 days after the delivery of such notice, the employer files an application for review and redetermination setting forth his reasons therefor. No employer shall be allowed, in any proceeding involving his rate of contributions or contribution liability, to contest the chargeability to his account of any benefits paid in accordance with a determination, redetermination, or decision pursuant to s. 443.151, except upon the ground that the services on the basis of which such benefits were found to be chargeable did not constitute services performed in employment for him and then only in the event that he was not a party to such determination, redetermi-nation, or decision or to any other proceedings provided for in this chapter in which the character of such services was determined.